2020CCV-60004-4

Filed
12/31/2019 3:30 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. _____

| | | |
|---|---|---|
| **NUECES COUNTY, TEXAS,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW _____** |
| | § | |
| **CERTAIN UNDERWRITERS AT** | § | |
| **LLOYD'S, LONDON; INDIAN** | § | |
| **HARBOR INSURANCE COMPANY;** | § | |
| **QBE SPECIALTY INSURANCE** | § | |
| **COMPANY; STEADFAST** | § | |
| **INSURANCE COMPANY; GENERAL** | § | |
| **SECURITY INDEMNITY COMPANY** | § | |
| **OF ARIZONA; UNITED SPECIALTY** | § | |
| **INSURANCE COMPANY;** | § | |
| **LEXINGTON INSURANCE** | § | |
| **COMPANY; PRINCETON EXCESS** | § | |
| **AND SURPLUS LINES INSURANCE** | § | |
| **COMPANY; INTERNATIONAL** | § | |
| **INSURANCE COMPANY OF** | § | |
| **HANNOVER SE; OLD REPUBLIC** | § | |
| **UNION INSURANCE COMPANY;** | § | |
| **AMRISC, LLC; AGCS MARINE** | § | |
| **INSURANCE COMPANY; NELSON** | § | |
| **FORENSICS; FRANK BRAGANO; and** | § | |
| **STEPHAN ASTROV.** | § | |
| *Defendants.* | § | **NUECES COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Nueces County, Texas, and files this Original Petition, complaining of Defendants, Certain Underwriter's at Lloyd's London; Indian Harbor Insurance Company, QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Princeton Excess and Surplus Lines Insurance Company; International Insurance Company of Hannover SE, Old Republic Union Insurance Company;

---

EXHIBIT A

Unofficial Copy

AmRisc, LLC.; Nelson Forensics; Frank Bragano; and Stephan Astrov, and for cause of action and in support thereof would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore requests this Court to enter a Litigation Control Order, which includes a discovery deadline date and a designation of expert deadline.

2.    This case is not subject to the restrictions of expedited proceedings under Rule 169 because Nueces County's current claims for civil penalties are in excess of $1,000,000. Tex. R. Civ. P. 47(c)(5).

## II.
## PARTIES

3.    Plaintiff, Nueces County, Texas, is a Texas County with its principal place of business at 901 Leopard St., Corpus Christi, Texas 78401.

4.    Defendant Certain Underwriter's at Lloyd's London ("Lloyd's) is a foreign surplus lines insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Lloyd's regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas.  According to its insurance policy, Lloyd's may be served with process by serving: Mendes & Mount, LLP 750 Seventh Avenue, New York, NY 10019.  Service will be by private process server.  Service is hereby requested at this time.

5.    Defendant Indian Harbor Insurance Company Service is a General Corporation with its principal place of business at 70 Seaview Ave., Suite 7, Stamford, Connecticut 06902-

Unofficial Copy

6040.  According to its insurance policy, Indian Harbor Insurance Company Service may be served with process by serving: Sarah Mims, Assistant Secretary, 505 Eagleview Boulevard, Suite 100, Exton, Pennsylvania 19341-0636.  Service will be by private process server.  Service is hereby requested at this time.

6.      Defendant QBE Specialty Insurance Company is a Foreign Corporation with its principal office located at Wall Street Plaza, 88 Pine Street, 16th Floor, New York, NY 10005. QBE Specialty Insurance Company may be served through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Service will be by private process server.  Service is hereby requested at this time.

7.      Defendant Steadfast Insurance Company is a Foreign Corporation with its principal place of business at 1400 American Lane, Schaumburg, IL 60196. According to its insurance policy, service of process in may be made upon General Counsel, Law Department, Steadfast Insurance Company, 1299 Zurich Way, Schaumburg, Illinois 60196, or his or her representative.  Service will be by private process server.  Service is hereby requested at this time.

8.      Defendant General Security Indemnity Company of Arizona is a Foreign Profit Corporation with its principal place of business at 199 Water Street, 21st Floor, New York, NY 10038-3526.  According to its insurance policy, service of process may be made upon Henry Klecan, CEO, One Seaport Plaza, 199 Water Street, New York, New York 10038-3526, with a copy to: Maxine Verne, General Legal Counsel, One Seaport Plaza, 199 Water Street, New York, New York 10038-3526. Service will be by private process server.  Service is hereby requested at this time.

Unofficial Copy

9.      Defendant United Specialty Insurance Company is an insurance company with its principal place of business at One Seaport Plaza, 199 Water Street, New York, New York 10038-3526.  Defendant United Specialty Insurance Company may be served with process by serving its registered agent, Terry L. Ledbetter, United Specialty Insurance Company, 1900 L. Don Dodson Drive, Bedford, Texas 76021.  Service will be by private process server.  Service is hereby requested at this time.

10.      Defendant Lexington Insurance Company is a Foreign Corporation with its principal place of business at 100 Summer Street, Suite 2000, Boston, MA 02110-2137.  According to its insurance policy, Defendant Lexington Insurance Company may be served with process by serving the Division Executive, Commercial Property, Lexington Insurance Company, 100 Summer Street, Boston, Massachusetts 02110, with copies to: AIG Property Casualty U.S., Attn: General Counsel, 175 Water Street – 18th Floor, New York, New York 10038, Facsimile: (212) 458-7080 and Lexington Insurance Company, Attn: General Counsel, 100 Summer Street, Boston, Massachusetts 02110, Facsimile: (617) 772-4588.  Service will be by private process server.  Service is hereby requested at this time.

11.      Defendant Princeton Excess and Surplus Lines Insurance Company is a Foreign Corporation with its principal place of business at 555 College Rd. E, Princeton, New Jersey 08543.  According to its insurance policy, Princeton Excess and Surplus Lines Insurance Company may be served with process by serving their General Counsel of the Princeton Excess and Surplus Lines Insurance Company, 555 College Road East, Princeton, New Jersey 08543.  Service will be by private process server.  Service is hereby requested at this time.

12.      Defendant International Insurance Company of Hannover, SE is a european public limited liability company.  According to its insurance policy, Defendant International

Unofficial Copy

Insurance Company of Hannover, SE may be served with process by serving Nicholas J. Parr, CEO, International Insurance Company of Hannover, PLC, 10 Fenchurch Street, London, EC3M 3BE, UK or the Commissioner of Insurance, at Texas Department of Insurance 333 Guadalupe Austin, Texas 78701. Service will be by private process server.  Service is hereby requested at this time.

13.     Defendant Old Republic Union Insurance Company is a foreign corporation with its principal place of business at 307 N. Michigan Ave., Chicago, IL 60601.  According to its insurance policy, Old Republic Union Insurance Company may be served with process by serving the Old Republic Union Insurance Company, c/o Office of General Counsel, 370 North Michigan Avenue, Chicago, Illinois 60601.  Service will be by private process server.  Service is hereby requested at this time.

14.     Defendant AmRisc, LLC is a Foreign Limited Liability Company with its principal place of business at 20405 Highway 249, Suite 230, Houston, Texas 77070. Amrisc, LLC may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.   Service will be by private process server. Service is hereby requested at this time.

15.     Defendant AGCS Marine Insurance Company is a foreign profit corporation with its principal place of business at 225 W. Washington St., Suite 1800, Chicago, Illinois 60606. AGCS Marine Insurance Company may be served with process by serving its registered agent: CT Corporation System, 400 Cornerstone Dr, Suite 240, Williston, Vermont 05495.   Service will be by private process server.  Service is hereby requested at this time.

16.     Defendants, Certain Underwriter's at Lloyd's London; Indian Harbor Insurance Company, QBE Specialty Insurance Company; Steadfast Insurance Company; General Security

Unofficial Copy

Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Princeton Excess and Surplus Lines Insurance Company; International Insurance Company of Hannover SE, Old Republic Union Insurance Company; AmRisc, LLC; and AGCS Marine Insurance Company are hereby collectively referred to as the "insurance carrier Defendants."

17.     Defendant Nelson Forensics is a Domestic Limited Liability Company with its principal place of business at 2740 Dallas Parkway, Suite 220, Plano, TX 75093.  Defendant Nelson Forensics may be served with process by serving its registered agent: Erik L. Nelson, Nelson Forensics, at 2740 Dallas Parkway, Suite 220, Plano, TX 75093.  Service is hereby requested at this time.

18.     Defendant Frank Bragano is an individual residing in Pinellas County, Florida. Defendant Frank Bragano may be served with process at his residence at 1111 N. Bayshore Blvd., Apt. F3, Clearwater, FL 33759-3319.  Service will be by private process server. Service is hereby requested at this time.

19.     Defendant Stephan Astrov is an individual residing in Denton County, Texas. Defendant Stephan Astrov may be served with process at his residence at 1792 Sandstone Dr., Frisco, Texas 75034-2634.  Service will be by private process server. Service is hereby requested at this time.

### III.
### JURISDICTION AND VENUE

20.     Venue is proper in Nueces County, Texas under Texas Civil Practice & Remedies Code Section 15.011 as this suit involves recovery of damages to real property.

21.     Venue is also proper in Nueces County, Texas under Texas Civil Practice & Remedies Code Section 15.002(a)(1), as all or a substantial part of the events or omissions

Unofficial Copy

giving rise to this claim occurred in Nueces County.  In particular, the insurance policy at issue was to be performed in Nueces County, Texas and the losses under the policy (including payments to be made to the Plaintiff under the policy) were required to be made in Nueces County, Texas.  Further, investigations, including communications from Plaintiff to Defendants occurred in Nueces County, Texas.

22.     Venue is also proper under Texas Civil Practice & Remedies Code Section 15.032 as the insured property is situated in Nueces County, Texas.

23.     This Court has subject matter jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

24.     This Court also has personal jurisdiction over the Defendants because they have continuous and systematic contact with the State of Texas, engage in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of their business activities in the State of Texas.   Defendants AmRisc, LLC, Nelson Forensics, Frank Bragano and Stephan Astrov are citizens of Texas; the corporate entities have their regular place of business in Texas, and regularly conduct business with residents of the State of Texas, regarding properties located in the State of Texas, such as the one at bar.

**IV.**
**FACTS**

25.     Nueces County has a number of buildings located in Nueces County, Texas that are insured for windstorm coverage under various policies. The insurers and policies at issue are as follows:

a.       Certain Underwriters at Lloyds, London Certificate No. AMR-37950-03;

b.       Indian Harbor Insurance Company Policy No. AMP7521856-04;

c.       QBE Specialty Insurance Company Policy No. MSP-13839-05;

Unofficial Copy

    d.     Steadfast Insurance Company Policy No. CPP4643409-05;

    e.     General Security Indemnity Company of Arizona Policy No. 10T029659-01094-17-02;

    f.     United Specialty Insurance Company Policy No. USI-11074-03;

    g.     Lexington Insurance Company;

    h.     Princeton Excess and Surplus Lines Insurance Company 7DA3CM0001067-03;

    i.     International Insurance Company of Hannover SE HAN-11074-03;

    j.     Old Republic Union Insurance Company ORAMPR001454-00;

    k.     Alaniz Global Corporate & Specialty Policy No. SML9304194.

26.    The carriers listed in subparts a. – j. above are collectively referred to as the Lloyd's Defendants. All Defendants listed in subparts a. – k. above are collectively referred to as the "insurance carrier Defendants" and/or "Defendants."

27.    On or about August 25, 2017, Hurricane Harvey slammed into the Texas coastline, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including the properties owned by Nueces County and subject to this dispute. The properties sustained significant damage, including but not limited to, damage to roofs, soffits, gutters, windows, fascia, siding, and various other forms of interior and exterior damage from rain that entered into the buildings and properties during the storm.

28.    Plaintiff filed an insurance claim with its insurance companies for the damage incurred as a result of Hurricane Harvey. Plaintiff requested that its insurance companies cover the cost of repairs to the properties pursuant to the policy.

29.    On August 23, 2019, Plaintiff and the Lloyd's Defendants entered into a Tolling Agreement that "Any period of limitation, whether imposed by law or contract, applicable to any

Plaintiff's Original Petition
*Nueces County vs. Certain Underwriters at Lloyd's, London, et al.*

Page 8 of 22

Unofficial Copy

and all claims, actions or lawsuits that Nueces County may have against the Insurers for any losses or damages relating to Hurricane Harvey shall be tolled through January 1, 2020." *See* Exhibit A, Tolling Agreement.

30.     To date, losses to Nueces County's property total approximately $41,954,683.76. Defendants have paid only $1.5 million effectively wrongfully denying Plaintiff's claim for repairs of the property, even though the applicable policies provided coverage for losses such as those suffered by the Plaintiff. Additionally, the insurance carrier Defendants continue to delay in the payment of the damages to the property. As such, Plaintiff has not been paid for covered damage to the properties at issue.

31.     The insurance carrier Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the applicable policies.  Specifically, they refused to pay the proceeds of the Policy, although valid demands were made for proceeds to be paid in an amount sufficient to cover the damaged properties and all conditions precedent to recovery upon the policies had been carried out and accomplished by Plaintiff. The insurance carrier Defendants' conduct constitutes a breach of the insurance contracts between the insurance carrier Defendants and the Plaintiff.

32.     All Defendants misrepresented to the Plaintiff, through their hired engineers, that damage was not covered under the policies, even though the damages were caused by a covered occurrence. The wrongful conduct of Defendants constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(2)(A).

33.     Defendants failed to adequately explain the reasons for denial and offering an inadequate settlement. Specifically, the insurance carrier Defendants failed to offer Plaintiff adequate compensation and did not provide Plaintiff with a legitimate explanation for the failure

Unofficial Copy

to adequately settle Plaintiff's claim. Defendants' conduct is in violation of Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(3).

34.     Defendants failed to fully compensate Plaintiff under the terms of the policies, even though Defendants failed to conduct a complete and adequate investigation. Specifically, Defendants performed only an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the property. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(7).

35.     The insurance carrier Defendants failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 541.056.

36.     The insurance carrier Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of a claim without delay.  Specifically, they have delayed payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has still not yet received payment for its claims. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, Tex. Ins. Code Section 542.058.

37.     From and after the time Plaintiff's claims were presented to the Defendants, the insurance carrier Defendants' liability to pay the full claims in accordance with the terms of the policy was reasonably clear.  However, the insurance carrier Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. This conduct constitutes a breach of the common law duty of good faith and fair dealing.

Unofficial Copy

38.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

39.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing it with respect to these causes of action.

40.     Defendants Frank Bragano and Stephan Astrov failed to prepare adequate estimates or scopes of damages for the properties. Additionally, neither Frank Bragano nor Stephan Astrov retained adequate engineers to assess damage to the properties. Throughout the claims process, Bragano and Astrov failed to respond to emails and calls or provide updates to the Plaintiff, prolonging and delaying any claims resolutions.  As a result, Plaintiff was forced to hire its own consultants and representatives who pointed out obvious damages that Bragano and Astrov continued to ignore.

41.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## V.
## CAUSES OF ACTION

**A.     CAUSES OF ACTION AGAINST ALL DEFENDANTS: VIOLATIONS OF THE TEXAS INSURANCE CODE.**

Unofficial Copy

42.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code Section 542.060(a).  All violations under this article are made actionable by Tex. Ins. Code Section 541.151.

43.      Defendants Nelson Forensics, Frank Bragano, and Stephan Astrov are further individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of the insurance carrier Defendants, because they are "persons" as defined by Tex. Ins. Code §541.002(2). The term "persons" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, *including an agent, broker, adjuster or life and health insurance counselor.* " Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

44.     Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

45.     Defendants' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policies is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

Unofficial Copy

46.    The unfair settlement practice of Defendants as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

47.    Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

48.    Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

49.    Defendants' conduct also constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

50.    Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

51.    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the policies was reasonably clear, constitutes an unfair method of

Unofficial Copy

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

52.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. CODE.§541.060(7).

**B.     CAUSES OF ACTION AGAINST ALL DEFENDANTS: COMMON LAW FRAUD**

53.     Defendants are liable to Plaintiff for common law fraud.

54.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

56.     The statement, reasonably relied upon by the Plaintiff, caused Plaintiff's damages as alleged herein.

**C.     CAUSES OF ACTION AGAINST ALL DEFENDANTS: CONSPIRACY TO COMMIT FRAUD.**

57.     Defendants are liable to Plaintiff for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

Unofficial Copy

### D.   CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: BREACH OF CONTRACT

58.    The insurance carrier Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

59.    The insurance carrier Defendants' conduct constitutes a breach of the insurance contracts made between the insurance carrier Defendants and Plaintiff.

60.    The insurance carrier Defendants' failure and refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policies in question and under the laws of the State of Texas, constitutes a breach of the insurance contracts with Plaintiff.

### E.   CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

61.    The insurance carrier Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

62.    The insurance carrier Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

63.    The insurance carrier Defendants' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though the insurance carrier Defendants' liability under the policies was reasonably

Unofficial Copy

clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

64.     The insurance carrier Defendants' unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

65.     The insurance carrier Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

66.     The insurance carrier Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a fair and reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

**F.     CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

67.     The  insurance carrier Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

68.     The  insurance carrier Defendants' failure to acknowledge receipt of Plaintiff's claim, commence full and appropriate investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the

Unofficial Copy

applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

69.     The  insurance carrier Defendants' failure to notify Plaintiff in writing of their acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

70.     The  insurance carrier Defendants' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

## G.     CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

71.     The insurance carrier Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

72.     The insurance carrier Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, the insurance carrier Defendants' knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## H.     KNOWLEDGE AND INTENT REALTED TO THE CAUSES OF ACTION

73.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as those terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## I.     TEXAS DECEPTIVE TRADE PRACTICES ACT

Unofficial Copy

74.     Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE Section 17.41, et seq., (D.T.P.A.) by engaging in false, misleading or deceptive acts and practices.

75.     Each of the acts described above, together and singularly, constitutes a violation of the D.T.P.A., pursuant to the tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each cause of action alleged above under the D.T.P.A., pursuant to the tie-in provision.

76.     Plaintiff was a "consumer" in that Plaintiff acquired the policy by purchasing the insurance policy and the insurance contract forms the basis of this action. Defendants has violated the D.T.P.A., in the following ways:

    a. Defendants misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

    b. Defendants failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

    c. Defendants refused to pay the claim without a reasonable investigation on their parts with respect to the claims.

77.     Defendants' conduct of deceptively denying the damage to properties relating to the weather events of hail, wind and/or rain, including windstorms, constitute unfair and deceptive trade practices.

78.     Defendants are liable for its unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable

Plaintiff's Original Petition                                                                                                   Page 18 of 22
*Nueces County vs. Certain Underwriters at Lloyd's, London, et al.*

Unofficial Copy

evaluation of Plaintiff's claims of denying Plaintiff's insurance claims by concluding that the damage to Plaintiff's property was not a result of Hurricane Harvey.

79.      Defendants' unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the property was not related to a covered event is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

80.      Defendants' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with Plaintiff, even though Defendants' liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

81.      Additionally, Defendants violated the Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts and practices by denying Plaintiff's claims on the basis that the damage to the property occurred over time or as a result of wind-driven rain not covered. The storm that caused the damage was a major event that severely damaged structures in the surrounding areas, but Defendants employed an outcome-oriented investigation for the sole purpose of denying Plaintiff's claim.

82.      Defendants' conduct was in or affecting commerce.

83.      Each of the acts described above, together and singularly, constitutes a deceptive trade practice in violation.

84.      Plaintiff has been damaged as a result of Defendants' deceptive trade practices in an amount equal to the costs of repairs and attorney fees. Plaintiff also seeks treble damages from Defendants for knowing and intentional conduct.

## VI.
## DAMAGES

Unofficial Copy

85.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

86.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or properly repaired in the months since the storm, causing further damages to the property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

87.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

88.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages. Tex. Ins. Code §541.152.

89.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim in damage to the property, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060.

90.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insured's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

Unofficial Copy

91.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

92.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VII.
## JURY DEMAND

93.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## VIII.
## CONDITIONS PRECEDENT

94.    All conditions precedent have been satisfied prior to bringing this action.

95.    Notwithstanding the foregoing, if Defendants were to contend that Plaintiff did not provide proper pre-suit notice, which Plaintiff believes it has, additional notice would be impracticable given the impending statute of limitations under the Tolling Agreement.

## IX.
## REQUEST FOR DISCLOSURE

96.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the materials described in Texas Rule of Civil Procedure 194.2.

## X.
## PRAYER

Unofficial Copy

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, and Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**HILLIARD MARTINEZ GONZALES LLP**

By: */s/ Marion M. Reilly*
    Robert C. Hilliard
    State Bar No. 09677700
    bobh@hmglawfirm.com
    Catherine D. Tobin
    State Bar No. 24013642
    catherine@hmglawfirm.com
    John B. Martinez
    State Bar No. 24010212
    john@hmglawfirm.com
    Marion Reilly
    State Bar No. 24079195
    marion@hmglawfirm.com

    **\*HMGService@hmglawfirm.com**
    *Service by e-mail to this address only.

    719 S. Shoreline Boulevard
    Corpus Christi, Texas 78401
    Telephone No. 361-882-1612
    Facsimile   No. 361-882-3015

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy