Case 2:20-cv-00065   Document 34   Filed on 06/02/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NUECES COUNTY, TEXAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-065 |
| § | |
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S OF LONDON, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION TO REMAND

On December 31, 2019, Plaintiff Nueces County, Texas (the County) filed this action in the County Court at Law Number 4 of Nueces County, Texas to recover for property damage caused by Hurricane Harvey, along with extra-contractual damages for claims-handling. The County sued its insurance carriers, Lloyd's[1] and AmRisc,[2] asserting causes of action under Texas law.[3] D.E. 1-4. On March 4, 2020, Defendants removed the action to this Court. D.E. 1. They claim federal question jurisdiction because the policy of insurance contains an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention). *Id*.; 9 U.S.C. §§ 202-03, 205; 28 U.S.C. § 1331. On April 16, 2020, the

---

[1] The Lloyd's Defendants are: Certain Underwriters at Lloyd's London; Indian Harbor Insurance Company Service; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Princeton Excess and Surplus Lines Insurance Company; International Insurance Company of Hannover, SE; and Old Republic Union Insurance Company, together with their claims managers, Defendants Frank Bragano and Stephan Astrov.

[2] Defendant AmRisc, LLC.

[3] The County sued other parties who were nonsuited prior to removal and they are not addressed here.

County filed its Motion to Remand. D.E. 16. AmRisc and Lloyd's filed separate responses. D.E. 19, 21. The Court DENIES the motion to remand.

## BURDEN OF PROOF AND JURISDICTIONAL AUTHORITY

The burden of proving that the Court has subject matter jurisdiction in a removed case is on the party seeking removal. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746 (5th Cir. 1996). When a civil action is originally filed in state court, removal to federal court is proper only if the action could have initially been brought in federal court. 28 U.S.C. § 1441(a). The legislature has provided that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the Convention Act (chapter two of the Federal Arbitration Act (FAA)), "[t]he Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 [a treaty], shall be enforced in United States courts" and a dispute in this regard constitutes a federal question. 9 U.S.C. §§ 201, 203.

This treaty-enforcement provision is supported by a generous removal provision due to the special federal interests involved. 9 U.S.C. § 205.

> Because "uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise," Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal "cannot apply to Convention Act cases because in these

instances, Congress created special removal rights to channel cases into federal court."

*Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (citations and footnote omitted).

In this action, Defendants seek to enforce the Convention and compel arbitration of the claims. Removal of the action is proper under this defense. 9 U.S.C. § 205; *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (noting that § 205 alters ordinary removal practice by making the case removable on the basis of this federal defense).

## DISCUSSION

### A. Defendants' Invocation of the Convention Act is Not Frivolous

The Convention Act's removal provision states,

> Where the subject matter of an action or proceeding pending in a State court ***relates to*** an arbitration agreement or award ***falling under*** the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205 (emphasis added). The County complains that Defendants have not shown, and cannot show, either that (a) this dispute "relates to" the arbitration agreement or (b) the arbitration agreement "falls under" the Convention. As the Fifth Circuit has held, such complaints conflate the jurisdictional inquiry with the merits of the case.[4]

---

[4] The County claims that the requirements of § 202 are incorporated into § 205 such that the merits must first be decided in order to sustain federal jurisdiction. D.E. 16, p. 8. This statement of Defendants' burden is not supported by authority and is contrary to Fifth Circuit precedent.

The Fifth Circuit reaffirmed during the pendency of this motion to remand that the jurisdictional issue under § 205 is limited to pleading that a Convention-related arbitration agreement may have some effect on the outcome of the litigation.

> Regardless of whether the arbitration agreement ends up applying, it is enough that the removal petition makes this nonfrivolous argument that it does. . . . [A] conceivable connection is all that is required to invoke the expertise of the federal courts to decide these disputed questions relating to a federal treaty (the Convention).

*OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487 (5th Cir. 2020) (conclusion of Part II)[5]. Section 205 sets a "low bar" for removability, requiring that it only be nonfrivolous. *Id*.

This approach is consistent with the Fifth Circuit's prior holding in *Beiser*. 284 F.3d at 669:

> [T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to."

The court specifically disapproved of an approach that frontloads a merits inquiry into the court's jurisdictional analysis. *Id*. at 670. Instead, the analysis is limited to what "can be determined from the face of the pleadings." *Id*. "[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides

---

[5] This opinion, revised April 27, 2020, does not yet have jump pages available.

a defense, the district court will have jurisdiction to decide the merits of that claim." *Id*. at 671-72.

While the County briefs several issues addressing whether the arbitration agreement at issue falls within the scope of the convention and relates to the dispute pled, those issues go to the merits—the enforceability of the arbitration agreement under the Convention Act—as outlined by 9 U.S.C. § 202. For instance, conflict with the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., which poses another federal question briefed over multiple pages by the parties, does not render the Convention Act claim patently frivolous. That is a question to be considered on the merits. Likewise, questions the County raised regarding the severability of domestic parties come after the Court's assertion of jurisdiction by accepting removal.

Defendants have pled that an arbitration agreement that purports to fall under the Convention Act is contained in an insurance policy that was issued by at least one insurance company that is a citizen of a foreign country.[6] The County seeks to recover in this action on the basis of that insurance policy. Therefore, the Convention Act removal is not frivolous.

### B. Defendants Did Not Waive Removal

Removal rights granted by the Convention Act can be contractually waived. *McDermott Int'l., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1209 (5th Cir. 1991); *Beiser*, 284 F.3d at 672. And forum selection clauses in service-of-suit provisions

---

[6] For instance, it is undisputed that HDI Global Security SE f/k/a International Insurance Company of Hannover SE, one of the insurance companies obligated on the policy, is a German company.

can be held to constitute waivers of the right of removal.  Indeed, the County cited a number of such cases, which we will refer to as Waiver Cases: *Foster v. Chesapeake Insurance Co., Ltd.,* 933 F.2d 1207, 1216 (3d Cir. 1991); *West Chestnut Realty of Haverford, Inc. v. First State Insurance Co.*, CIV. A. 90-2294, 1990 WL 87377, at *2 (E.D. Pa. June 19, 1990); *Cessna Aircraft Co. v. Fidelity and Casualty Co. of New York*, 616 F. Supp. 671, 674 & n.1 (D.N.J. 1985); *Capital Bank and Trust Co. v. Associated International Insurance Co.*, 576 F. Supp. 1522, 1524 (M.D. La. 1984); *Himes v. Admiral Insurance Co.*, 575 F. Supp. 312, 313 (E.D. Ky. 1983); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F. Supp. 1069, 1074 (S.D.N.Y. 1971); *Perini Corp. v. Orion Insurance Co.*, 331 F. Supp. 453, 454 (E.D. Cal. 1971); *Oil Well Service Co. v. Underwriters at Lloyd's London*, 302 F. Supp. 384, 385 (C.D. Cal. 1969); *Euzzino v. London & Edinburgh Insurance Co.*, 228 F. Supp. 431, 433 (N.D. Ill. 1964); and *General Phoenix Corp v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949).[7]

The language of the forum selection clause must clearly and explicitly waive removal rights.  *Beiser*, 284 F.3d at 672.  The clause at issue in each of the Waiver Cases used language that was identical or substantially similar to the following:

---

[7] The County also cites *Grand View PV Solar Two, LLC v. Helix Electric, Inc./Helix Electric of Nevada, L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017), in which the Fifth Circuit interpreted a forum selection clause in a confidentiality agreement related to a solar power plant construction project.  The forum selection clause used different language from that in the insurance policy cases, unequivocally selecting the courts of Harris County, Texas as the sole and exclusive forum for any case arising out of the agreement.  Thus the right of removal was waived.

The County also cited *Zeevi Holdings Ltd. v. Republic of Bulgaria*, 09 CIV. 8856 RJS, 2011 WL 1345155, at *3 (S.D.N.Y. Apr. 5, 2011), *aff'd*, 494 Fed. Appx. 110 (2d Cir. 2012), which held that the Convention's limits on the substantive complaints that can be made against confirming an arbitral award do not preclude procedural complaints, such as those associated with a contractual forum selection clause for confirming such awards.  The forum selection clause at issue was unequivocal and definitive, and restricted the action to a court in Bulgaria.

> It is agreed that in the event of the failure of [the insurers] hereon to pay any amount to be due hereunder, [the insurers] hereon, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

This language was deemed sufficient to waive removal rights.

The County claims that the language used in its insurance policy is similar to that adjudicated in the Waiver Cases. In presenting its argument, the County reprinted the language it relies on as follows:

> It is agreed that in the event of the failure of the [insurers] hereon to pay any amount claimed to be due hereunder, the [insurers] hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States.

Taken alone, this language is not as complete as the forum selection clauses in the Wavier Cases because it does not recite "and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court." This Court is not prepared to treat the omitted language in this case as irrelevant to the analysis in the Waiver Cases.

More importantly, there is additional language in the insurance policy that is critical to interpreting the clauses in this suit. That language reads:

> Nothing in this Clause constitutes or should be understood to constitute a waiver of [the insurer's] rights to commence an action in any Court of competent jurisdiction in the United States, ***to remove an action to a United States District Court***, or to seek a transfer of a case to another Court as permitted by

>    the laws of the United States or of any State in the United States.

D.E. 19-1, pp. 60, 83 (emphasis added). By failing to address this non-waiver, reservation of removal rights, the County's briefing is incomplete.

"A party may only waive his right to remove under the statute by clearly and explicitly saying so in the agreement." *Beiser*, 284 F.3d at 672. A complete reading of the service-of-suit clauses show that they clearly and explicitly reserved the right to remove any lawsuit to federal court. D.E. 19-1, p. 60, 83. The Court finds that Defendants did not waive their removal rights.

## CONCLUSION

In sum, "easy removal is exactly what Congress intended in § 205." *Beiser*, 284 F.3d at 674. The Court finds from the face of the notice of removal that Defendants have alleged a nonfrivolous claim that this action relates to an arbitration agreement that falls under the Convention. The Court defers adjudication of the success of that claim to a later determination of the merits. The County's motion to remand is DENIED.

ORDERED this 2nd day of June, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE